UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, NATIONAL STABILAZATION AGREEMENT OF THE SHEET METAL INDUSTRY TRUST FUND, et al.,<br>        Plaintiffs,<br><br>        v.<br><br>LEADING WAY CONSTRUCTION CO., INC.,<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:15cv400<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

This matter comes before the Court on plaintiffs' Motion for Default Judgment (Dkt. 25.) When no representative for defendant appeared at the hearing before Judge Nachmanoff on September 23, 2016, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.[1]

I. INTRODUCTION

A. Background

Plaintiffs are the Board of Trustees of the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), the Board of Trustees of the Sheet Metal Workers'

---

[1] The record before the Court includes the Amended Complaint ("Compl.") (Dkt. 16), plaintiffs' Motion for Judgment by Default by the Court Pursuant to Federal Rule of Civil Procedure 55(b)(2) ("Mot. Default J.") (Dkt. 25), the Memorandum of Law in Support of Plaintiffs' Motion for Judgment by Default Under Federal Rule of Civil Procedure 55(b) ("Mem. Supp. Mot. Default J.") (Dkt. 26), the Declaration of Walter Shaw ("Shaw Decl.") (Dkt. 26-1), the Declaration of Matthew T. Tokarsky("Tokarsky Decl.") (Dkt. 26-6), the Jennings Sigmond, P.C. Time and Expense Details ("Legal Fees Details") (Dkt. 26-7), and all attachments and exhibits submitted with those filings.

National Pension Fund ("NPF"), the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Board of Trustees of the Sheet Metal Workers' International Association Scholarship Fund ("SMWIASF"), the National Energy Management Institute Committee ("NEMIC"), and the Sheet Metal Occupational Health Institute Trust ("SMOHIT") (collectively "plaintiffs" or "Funds"). Plaintiffs are trust funds established and maintained under 29 U.S.C. § 186(c). (Compl. ¶¶ 4-7, 10-11; Shaw Decl. ¶ 1.) Plaintiffs SASMI, NPF, ITI, and SWMIASF are also multiemployer plans and employee welfare benefit plans within the meaning of 29 U.S.C § 1002. (Compl. ¶¶ 4-7; Shaw Decl. ¶ 2.)

Defendant, Leading Way Construction Co., Inc., d/b/a Leading Way Roofing & Sheet Metal d/b/a Leading Way Roofing & SM ("defendant"), is a Massachusetts corporation and an employer in an industry affecting commerce that does business with plaintiff Funds. (Compl. ¶ 15.) At all times relevant to this action, defendant was a party to a collective bargaining agreement with Local Union No. 17 of the International Association of Sheet Metal, Air, Rail and Transportation Workers, formerly known as the Sheet Metal Workers' International Association. (Id. at ¶¶ 16-17; Shaw Decl. ¶ 4; Mem. Supp. Mot. Default J. 2.) Defendant also agreed to abide by the terms of the agreements and declarations of trust ("Trust Agreements") establishing the

2

Funds. (Compl. ¶ 18; Shaw Decl. ¶ 4.)

Plaintiffs filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which govern suits among parties to enforce provisions of their collective bargaining agreements. (Compl. ¶ 1; Mot. Default J. ¶ 12; Mem. Supp. Mot. Default J. 1-2.) They seek unpaid contributions, liquidated damages, interest, late charges, audit costs, and attorneys' fees and costs pursuant to ERISA, LMRA, and the collective bargaining agreement. (Compl. ¶¶ 29, 33; Mot. Default J. 4; Mem. Supp. Mot. Default J. 10-15.)

## B. Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA cases such as this are conferred upon the Court by 29 U.S.C. §§ 1132, 1145, and 185. Under Sections 502 and 515 of ERISA, an action may be brought in any district court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Furthermore, under Section 301 of LMRA, a suit for breach of contract between an employer and a labor organization representing employees in an industry affecting commerce may be brought in federal district court, regardless of the amount in controversy or citizenship of the parties. 29

3

U.S.C. § 185(a). In this case, jurisdiction and venue are proper because each Fund is administered in this District. (Compl. ¶¶ 1,3; Shaw Decl. ¶ 1.)

This Court has personal jurisdiction over defendant pursuant to the decision in Board of Trustees, Sheet Metal Workers' National Pension Fund v. McD Metals, Inc., 964 F. Supp. 1040, 1045 (E.D. Va. 1997). Defendant does business with plaintiffs that is sufficient to create personal jurisdiction over defendant in this district, and a substantial part of the events or omissions giving rise to the claim occurred from transactions with plaintiffs' office in this district. (Compl. ¶ 15.)

### C. Service of Process

On February 9, 2016, plaintiffs' private process server served defendant by delivering a copy of the Complaint and Summons to Gerry M. Grabert, President, who is authorized to accept service of process on behalf of defendant Leading Way Construction Co., Inc. at 443 Poplar Street, Roslindale, MA 02131. (Dkt. 18.) Therefore, service was proper under Federal Rules of Civil Procedure 4(e) and 4(h) and under 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

### D. Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed

4

any responsive pleadings in this case. On April 20, 2016, the
Clerk of this Court entered default pursuant to plaintiffs'
Request for Entry of Default and Federal Rule of Civil Procedure
55(a). (Dkt. 20.) Plaintiffs filed a Motion for Default Judgment
on September 16, 2016. (Dkt. 25.)

## II. FINDINGS

Based on the Complaint, plaintiffs' Motion for Default
Judgment and the supporting Memorandum, the Declaration of
Walter Shaw, the Declaration of Matthew T. Tokarsky, and the
documents submitted in proof of damages and attorneys' fees, the
undersigned makes the following findings of fact.

Defendant is a Massachusetts corporation with an office in
Milton, Massachusetts. (Compl. ¶ 15.) Defendant is an employer
in an industry affecting commerce within the meaning of ERISA
and LMRA. (Id.) Defendant owes certain obligations to plaintiffs
pursuant to the collective bargaining agreement with Local Union
No. 17 of the International Association of Sheet Metal, Air,
Rail and Transportation Workers, formerly known as the Sheet
Metal Workers' International Association, and the Trust
Agreements of the Funds (collectively "the Agreements") to which
defendant is accordingly bound. (Compl. ¶¶ 17-19; Shaw Decl. ¶
4.)

The Agreements require defendant to pay monthly
contributions to the Funds for time worked or paid to covered

employees. (Compl. ¶ 19(a); Shaw Decl. ¶ 4.) Defendant must also submit monthly remittance reports that detail all employees or work for which contributions to the Funds were required. (Compl. ¶ 19(b); Shaw Decl. ¶ 4.) The completed remittance reports and accompanying contributions must be submitted to the Funds by no later than the twentieth day after the end of each calendar month for hours worked in that month and are delinquent if received thereafter. (Compl. ¶ 21.)

According to the Funds' records, at the time the Complaint was filed, defendant had failed to remit its contributions for the period of June 2009 through October 2015. (Shaw Decl. ¶ 8.) Therefore, pursuant to the Agreements and Section 502(g)(2) of ERISA, plaintiffs are entitled to recover unpaid contributions, interest, liquidated damages, late charges, audit costs, and attorneys' fees and costs.

## A.   Contributions and Fees

Under ERISA, LMRA, and the Agreements, the Funds may recover the following: (1) the full amount of unpaid contributions; (2) interest on unpaid contributions calculated at the rate of 8.5% per annum (0.0233% per day, compounded daily); (3) late charges equal to the greater of (i) $50 for each month of contributions paid after the due date, and before any lawsuit is filed, or (ii) 10% of the contributions due for those months; (4) liquidated damages in an amount equal to the

greater of (i) interest on all delinquent contributions, or (ii) 20% of the contributions that were unpaid on the date the lawsuit was filed, or which became delinquent subsequent to filing of the lawsuit; and (5) reasonable attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts. (Compl. ¶¶ 19, 22-24; Mem. Supp. Mot. Default J. 3.)

The amounts due are summarized as follows:

| Fund | Contributions[2] | Interest[3] | Liquidated Damages | Late Charges[4] | Audit[5] | Total |
|------|------------------|-------------|--------------------|-----------------|----------|-------|
| NPF | $59,632.40 | $21,465.68 | $11,926.48 | $2,076.74 | $2,460.00 | $97,561.30 |
| ITI | $720.00 | $278.53 | $144.00 | $27.23 | $0.00 | $1,169.76 |
| NEMIC | $180.00 | $69.64 | $36.00 | $6.54 | $0.00 | $292.18 |
| SMOHIT | $120.00 | $46.41 | $24.00 | $4.34 | $0.00 | $194.75 |
| SMWIASF | $60.00 | $23.21 | $12.00 | $0.00 | $0.00 | $95.21 |
| SASMI | $12,374.00 | $4,631.59 | $2,474.80 | $0.00 | $0.00 | $19,480.39 |
| Total | $73,086.40 | $26,515.06 | $14,617.28 | $2,114.85 | $2,460.00 | $118,793.59 |

(Mem. Supp. Mot. Default J. 28-29, Ex. 5A-B; Shaw Decl. ¶ 9.)

## B.   Attorneys' Fees and Costs

Plaintiffs also request attorneys' fees and costs in the amount of $14,452.32. (Tokarsky Decl. ¶ 2; Mem. Supp. Mot. Default J. 23-26; Legal Fees Details.) This amount is based on

---

[2] Defendant's remittance reports for June 2009 through October 2015 remain outstanding. (Shaw Decl. ¶ 8.) When an employer fails to submit the required remittance reports, the Funds estimate the contributions owed based on the amounts last reported to the Funds. (Id.) As such, plaintiffs have estimated contributions owed for June 2009 through October 2015 (Id.)
[3] Interest was calculated through August 11, 2016.
[4] The NPF, ITI, NEMIC, and SMOHIT each provide for additional charges for delinquent contributions paid after their due date. (Compl. ¶¶21,22; Mem. Supp. Mot. Default J. 28-29, Ex. 5A.)
[5] The Pension Fund Trust provides for payment of audit costs when an audit reveals inaccurate reports or insufficient contributions (Mem. Supp. Mot. Default J. 15.)

$13,273.00 in attorneys' fees, which is comprised of a total of 79.5 hours of labor by associate attorneys James E. Goodley, Judith A. Sznyter, Matthew T. Tokarsky, and Maureen W. Marra at the hourly rate of $195.00, attorney shareholder Dawn M. Costa at the hourly rate of $220.00, law clerk Daniel J. Keenan at the hourly rate of $80.00, paralegals Lauren Murray, Carrie Fice, Andrew Shrader, Suzanne Ostrofsky, and Joseph Hudach at the hourly rate of $80.00. (Legal Fees Details; Tokarsky Decl. ¶¶ 2-6.) The above total also includes $1,042.82 in costs. (Legal Fees Details.) In support of this request, plaintiffs submitted the Declaration of Matthew T. Tokarsky and an itemized chart of the legal services performed. (Dkts. 26-6 and 26-7.)

The undersigned finds that the amounts submitted are reasonable compensation for work necessarily expended to enforce plaintiffs' rights.  If further action is required to enforce and collect this judgment, plaintiffs may apply to this Court or to the court in which enforcement is sought for reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

## III. <u>RECOMMENDATION</u>

The undersigned recommends that default judgment should be entered against defendant in favor of plaintiffs. The undersigned recommends that plaintiffs should recover from defendant a total of $133,245.91, consisting of $73,086.40 in unpaid contributions, $26,515.06 in interest calculated at the rate of 8.5% per annum (0.0233% per day, compounded daily) through August 11, 2016, $14,617.28 in liquidated damages, $2,114.85 in late charges, $2,460.00 in audit costs, and $14,452.32 in attorneys' fees and costs.

## IV. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following address:

    Leading Way Construction Co., Inc.
    42 Mechanic Street
    Milton, MA 02186

                                        /s/
                            Theresa Carroll Buchanan
                            United States Magistrate Judge
                            _____
                            THERESA CARROLL BUCHANAN
                            UNITED STATES MAGISTRATE JUDGE

October 6, 2016
Alexandria, Virginia

10